UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JAMELL OLMSTEAD MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 8745 |
| | ) | Judge Manish S. Shah |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| | ) | |
| OFFICER ROGERS and | ) | |
| OFFICER CHOUDHARY, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS FOR WANT OF PROSECUTION
## OR COMPEL DISCOVERY RESPONSES

Defendants, Officer Rogers and Officer Choudhary, for their motion to compel Rule 26 disclosures and written discovery responses from Plaintiff, Jamell Olmsted Malone, state the following:

1.      Plaintiff, who is *pro se*, initiated this §1983 action against the movants, police officers for the University of Chicago, on December 9, 2013. (Dkt. 1). Plaintiff alleges that his civil rights were violated when he came in contact with the defendant officers on October 27, 2013. (Dkt. 1).

2.      On March 6, 2015, the defendants filed their answer and affirmative defenses to the plaintiff's complaint. (Dkt. 38). On March 10, 2015, this Court conducted a status hearing on this case, and the plaintiff did not appear. (Dkt. 39). At that status hearing, this Court set a discovery cutoff date of June 12, 2015. (Dkt. 39). This Court also indicated that if the plaintiff did not appear at the next status hearing or participate in discovery, this case "may be terminated for want of prosecution." (Dkt. 39).

3.      On March 10, 2015, in accordance with this Court's order, the defendants in this matter issued, via regular mail, their Rule 26 disclosures, interrogatories, and requests for production of documents to the plaintiff. (This discovery is attached hereto as Exhibit A). By rule, the plaintiff was to issue his Rule 26 disclosures at least within 14 days of the status conference held by this Court on March

10, 2015. Also, by rule, the plaintiff was to respond to the defendants' discovery requests by April 9, 2015. To date, the plaintiff has not issued Rule 26 disclosures, and has not responded to the defendants' discovery requests.

      4.      On April 27, 2015, defense counsel sent a Rule 37.2 letter to the plaintiff. (This letter is attached hereto as Exhibit B). This letter was sent to the plaintiff's address of record with the Court, and it was sent via certified mail. Defense counsel received a receipt of delivery, signed by the plaintiff, shortly after the letter was sent. (This certified mail receipt is attached hereto as Exhibit C). Attached to defense counsel's letter were the defendants' Rule 26 disclosures, interrogatories, and requests to produce. (Exhibit B). In this letter, defense counsel asked for a response from plaintiff by May 6, 2015.

      5.      On May 7, 2015, in accordance with Rule 37.2, defense counsel called and spoke to the plaintiff on the telephone, and plaintiff acknowledged that he received the defendants' April 27, 2015 correspondence. Defense counsel asked the plaintiff when his discovery responses could be expected, and Plaintiff indicated that he would have his responses to defense counsel by May 11, 2015. As of the filing of this motion, defense counsel has not received the plaintiff's disclosures, nor has defense counsel received the plaintiff's discovery responses.

      6.      The defendants have attempted, on numerous occasions, to resolve this discovery dispute without the need for Court intervention, but have been unsuccessful. The defendants, through their counsel, have complied with Federal Rule of Civil Procedure 37 by sending written correspondence and engaging in phone conversations, as outlined above. As a result of Plaintiff's inability to respond to the outstanding discovery, Defendants have been deprived of an opportunity to access crucial information about the incident in question, including witness names and other relevant materials. This is extremely prejudicial, and is in violation of the Federal Rules of Civil Procedure. This is also in violation of this Court's March 10, 2015 order, by which the Court warned the plaintiff that his failure to participate in

discovery could lead to the dismissal of this case.

For the foregoing reasons, Defendants request an order dismissing this case for want of prosecution due to Plaintiff's failure to participate in discovery. In the alternative, Defendants request that this Court order Plaintiff, Jamell Olmsted Malone, to provide all of the aforementioned information and documentation within (7) days, or any other relief that this Court deems equitable and just.

Respectfully submitted, this 12th day of May, 2015

/s/Brian P. Gainer_____
One of the Attorneys for the Defendants


Brian P. Gainer
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372 0770

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I caused to be served Defendants' Notice of Motion and Motion to Dismiss for Want of Prosecution or Compel Responses to Written Disxovery on May 12, 2015, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                              */s/ Brian P. Gainer*

One of the Attorneys for Defendants
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: gainerb@jbltd.com