UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

JAMELL OLMSTEAD MALONE, )
)
Plaintiff, )      Case No. 13 cv 8745
)      Judge Manish S. Shah
v. )      Magistrate Judge Gilbert
)
)
OFFICER ROGERS and )
OFFICER CHOUDHARY, )
)
Defendants. )

### CERTIFICATE OF SERVICE

**To:**  Jamell Malone, Pro Se
11404 S. Emerald
Chicago, IL  60628

The undersigned, a non-attorney, certifies that she served a copy of the

**Defendants' Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1),
Defendants' First Set of Interrogatories to Plaintiff Jamell Olmstead Malone,
Defendants' First Request for Production of Documents to
Plaintiff Jamell Olmstead Malone**

on the parties listed above by depositing the same in the U.S. Mail located at 33 West Monroe Street, Chicago, Illinois, with proper first-class postage affixed, by the hour of 5:00 p.m. March 10, 2015.

Brian P. Gainer
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois   60603
312-372-0770
312-372-9818 - fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JAMELL OLMSTEAD MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 8745 |
| | ) | Judge Manish S. Shah |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| | ) | |
| OFFICER ROGERS and | ) | |
| OFFICER CHOUDHARY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' DISCLOSURES PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Defendants, Sean Rogers and Mohdjawad Choudhary, by their attorneys, Johnson & Bell, Ltd., for their initial disclosures pursuant to Federal Rule of Civil Procedure 26, states the following:

### *Initial Disclosures - FRCP 26(a)(1)*

**26(a)(1)(A)(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response:

Jamell Olmstead Malone
11404 S. Emerald
Chicago, IL 60628

As the plaintiff in this matter, the above individual is expected to testify about the allegations in the complaint, the damages that allegedly incurred as a result of the incident described in the complaint, his alleged interactions with the defendants on the date of the incident described in the complaint, his actions and behavior on the date of the incident in question, and any other information obtained during the course of discovery in this matter.

Mohdjawad Choudhary
Sean Rogers
c/o Johnson & Bell, Ltd.

1

33 W. Monroe, Ste. 2700
Chicago, Illinois 60603

As Defendants in this matter, the above individuals are expected to testify regarding their knowledge of the allegations in the complaint, their knowledge and observations of the incident described in the complaint, their interaction, if any, with the plaintiff on the date of the incident described in the complaint, their investigation into the underlying incident, their knowledge about the injuries and damages alleged by the plaintiff, their knowledge of the area in which the plaintiff was stopped, and any other information obtained during the course of discovery in this matter.

A representative of the University of Chicago Police Department
c/o Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603

As a witness in this matter, the above individual is expected to testify about the compilation of crime statistics by the department, the large amount of burglaries that took place in October of 2013 in the area in which the plaintiff was stopped, the instructions given to department officers about crime in that area, the department's document retention policy, and any other information obtained during the course of discovery in this matter.

Defendants reserve the right to supplement these disclosures based upon information derived from other discovery, and expressly incorporate herein by reference all additional witnesses disclosed in the other party's Rule 26 Disclosures. Defendants further disclose as possible witnesses all of the individuals listed in any report or document produced by either party in this matter.

**26(a)(1)(A)(ii) A copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response:

1.   University of Chicago Department of Safety and Secutity CFS Report
2.   2013 Burglary Maps from University of Chicago
3.   October 2013 Burglary Listing – University of Chicago

**26(a)(1)(A)(iii) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered.**

Response: Not applicable to Defendants.

2

**26(a)(1)(A)(iv) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Response:  The defendants are self-insured for any and all compensatory damage amounts that could possibly be incurred in this matter.

Dated:  March 10, 2015

By: /s/ *Brian P. Gainer*
One of the attorneys for Defendants

Brian P. Gainer
Monica Gutowski
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
312/372-0770
#4038336

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JAMELL OLMSTEAD MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 8745 |
| | ) | Judge Manish S. Shah |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| | ) | |
| OFFICER ROGERS and | ) | |
| OFFICER CHOUDHARY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF, JAMELL OLMSTEAD MALONE

Defendants, by their attorneys, Johnson & Bell, Ltd., pursuant to Federal Rule of Civil Procedure 33, hereby submit the following Interrogatories to be answered by Plaintiff, JAMELL OLMSTEAD MALONE.

### Definitions

1. "Plaintiff" means JAMELL OLMSTEAD MALONE, the plaintiff in this lawsuit.

2. The term "document" is used herein in its broadest sense and shall mean any writing, note, electronic mail, drawing, graph, chart, photograph, phone-record, video/audio reproduction, movie, or other graphic or other recorded matter, whether handwritten, computer-generated, stenographic, typewritten, printed, on microfilm, or electronically, mechanically, or photographically recorded or reproduced, and any other tangible thing or data compilation (including but not limited to data processing cards, computer tapes, computer disks and computerized databases) from which information can be obtained, processed, transcribed, or retrieved, including but not limited to non-identical copies, however produced or reproduced. A document with handwritten, typewritten, or other recorded notes is not and shall not be deemed

1

identical to one without such modifications, additions, or deletions. Electronic mail with a prior or forwarding history shall not be deemed identical to one without such prior or forwarding history. In addition to final versions, "documents" include drafts, preliminary drafts, and annotated, marked-up, rough, or unedited versions or copies of any document as defined herein.

3. The term "communication" means any written, oral, or electronic exchange of words, thoughts, or ideas from one person or groups of persons to another person or group of persons, whether by telephone, letter, or any other process, electronic or otherwise, including but not limited to correspondence, notes, electronic mail, direct conversations, telephone calls, dialogues, meetings, discussions, interviews, telegrams, telexes, cables, memoranda, or agreements.

4. "Refer to" or "relate to" shall mean to constitute, consist of, contain, include, state the name of, make reference to, incorporate, pertain to, reflect, evidence, bear upon, touch upon, or to be in any way logically or factually connected with the subject matter discussed:

5. The term "identify," as used herein, shall mean:

(i)    When referring or relating to a natural person: disclose the person's full name, current or last known address (including street name and number, city or town, state, and ZIP code), employer, present or last known job title or position, and a telephone number where the person can be reached;

(ii)    When referring or relating to an entity other than a natural person: disclose the type of entity and the address and telephone number of its principal place of business;

(iii)    When referring or relating to documents: disclose the documents' date, title, contents, and the identities of the person or people who prepared the documents and the person or people for whom the documents were prepared or to whom they were delivered;

(iv)    When referring or relating to a communication, disclose the date of the communication, the type of communication (e.g., telephone conversation, meeting, etc.), the place where the communication occurred, the identity of each person who made the communication, the identity of each person who received the communication, the identity of each person present when the communication was made, and the subject matter discussed or disclosed.

## Instructions

1.  These interrogatories are continuing in nature and, to the extent that Plaintiff's responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to Plaintiff's initial responses hereto, Plaintiff shall seasonably supplement the prior written responses as warranted by the subsequently-acquired information, in accordance with Fed. R. Civ. P. 26(e).

2.  Each paragraph herein shall be construed independently and not with reference to any other paragraph for purposes of limitation.

3.  In answering these interrogatories, Plaintiff shall furnish all information available to him or to his attorney, including but not limited to information in the possession of any attorneys, agents, investigators, representatives, or anyone acting in cooperation or in concert with the Plaintiff.

4.  If Plaintiff is unable to answer an interrogatory in full after exercising due diligence to secure the information requested, Plaintiff shall so state and answer the interrogatory to the extent that it can be answered, disclosing whatever information or knowledge is presently available concerning that portion of the interrogatory that Plaintiff asserts could not be answered. Estimates of information shall be provided only when precise information or dates are

3

unavailable, and Plaintiff shall identify estimates as such and shall identify the source of, and the means for arriving at, such estimates.

5. If a document is responsive to an interrogatory and is in Plaintiff's control but is not in Plaintiff's possession or custody, Plaintiff shall identify the person who has possession or custody of the document. If any document was, but no longer is, in Plaintiff's possession or custody or subject to Plaintiff's control, Plaintiff shall state what disposition was made of the document, why such disposition was made, and the date or approximate date on which such disposition was made.

6. All objections to any interrogatory herein must be made in writing and served on defense counsel within the time period for responding to these interrogatories. Should the Plaintiff claim that any requested information is privileged, or is contained within documents that are privileged, Plaintiff shall furnish a list identifying in writing each such document and stating the following information with respect to each such document: (i) describing in detail the nature of the document and its contents; (ii) identifying the person who prepared or authorized the document and, if applicable, the person to whom the document was sent, and indicate who received blind copies; (iii) specifying the date on which the document was prepared or transmitted, and (iv) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

7. With respect to any conversation for which a privilege is being asserted, Plaintiff shall describe the nature of the conversation by stating when, where, and amongst whom the conversation occurred, stating whether the conversation was in person or by telephone, providing

a brief description of the conversation's subject matter, and stating the exact privilege asserted, including the names of all persons on whose behalf the privilege is asserted.

8.    Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.  The conjunctive term "and" should be interpreted in the disjunctive to include the term "or" and vice versa as necessary to bring within the scope of an interrogatory any information that might otherwise be construed to be outside its scope.  The word "any" shall be construed to mean "any and all" where the effect of the construction is to broaden the scope of the particular interrogatory.

## INTERROGATORIES

1.    State your full name (including all of the names or aliases by which you have been known, the dates of use of each such name, and the reasons for any change of name), your date and place of birth, your current address, any address at which you have resided in the past ten (10) years, your social security number, and your driver's license number.

**ANSWER:**

2.    In chronological order, identify each occupation or job you have held in the past ten (10) years.  With respect to each employer, state:

      a.     The name and the address of each employer;
      b.     The date of commencement and termination of such employment;
      c.     The position(s) you held in each such employment;
      d.     A general description of your job duties during each employment;
      e.     The weekly average wages or earnings in each job;
      f.     Whether a physical examination was required prior to employment, and if so, the place, date, and person conducting such examination, and
      g.     The name of your immediate supervisor at each job.

**ANSWER:**

3. Have you ever been involved in any civil legal action (including divorce proceedings and workmen's compensation claims), either as a defendant or plaintiff? If so, please state:

        a.     The date and place each such action was filed;
        b.     The name of the court and the parties involved;
        c.     The court file number of all such actions;
        d.     The names of attorneys representing each party;
        e.     A description of the nature of each such action, and
        f.     The disposition of each action.

**ANSWER:**

4. Describe the nature, extent and duration of each and every injury suffered by you, whether physical, mental and/or emotional, allegedly suffered as a result of any Defendants' conduct.

**ANSWER:**

5. With regard to said injuries in Answer to Interrogatory No. 4, please state:

        a.     The name, address and phone number of each attending or consulting physician, including mental health care provider;
        b.     The name, address and phone number of each person or laboratory taking an x-ray of you;
        c.     The date or inclusive dates on which each of them treated you;
        d.     The nature of the treatment that you received;
        e.     The amounts to date of their respective bills for service, and
        f.     Pursuant to FRCP 34, provide any written reports.

**ANSWER:**

6. Have you ever been arrested (including any traffic offenses or ordinance violations) in Illinois or in any other jurisdiction? If so, for each arrest please state:

        a.     The date and location of each arrest;
        b.     The law enforcement agency making the arrest;
        c.     The charge(s) placed against you;
        d.     The name and location of each court where you were prosecuted;
        e.     The court file number (i.e. docket number);

      f.      The disposition (plea of guilty, finding of guilty, etc.), and

      g.      Any and all fines or sentences imposed.

**ANSWER:**

7.     Have you ever pleaded guilty to, or have you been convicted of, a crime punishable as either a misdemeanor or felony in any jurisdiction? If so:

      a.      Identify the misdemeanor or felony to which you plead guilty;

      b.      The date of each guilty plea or conviction;

      c.      The case number assigned to each prosecution;

      d.      The judge and location of each Court where the guilty plea or conviction took place;

      e.      Identify any and all sentences imposed, and

      f.      Provide the date on which each sentence was completed or discharged.

**ANSWER:**

8.     State the full name, address, and telephone number of each person who witnessed or claims to have witnessed the occurrences (original incident and subsequent arrest) alleged in the Complaint, or who has knowledge or claims to have knowledge about the occurrences alleged in the Complaint, and identify whether you possess a statement from any witness about the occurrences.

**ANSWER:**

9.     State the full name and address of each person not named (in 8) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after the alleged occurrences, and identify whether you posses a statement from any such person.

**ANSWER:**

10.    As a result of the personal injuries or deprivation of liberty that you allegedly suffered, or damages that you allegedly incurred, as a result of the incident described in the complaint, were you unable to work? If so, and if you are claiming any loss of income, state:

a.   The total number of days on which you were unable to work;
b.   The amount of wage or income loss claimed by you;
c.   The name and address of the employer for whom your were working when you allegedly lost this income;
d.   The claimed source of any lost income, including the name, address, and telephone number of each source;
e.   Your present earnings per month, and
f.   Your annual income for the years 2004 through 2014.

**ANSWER:**

11.   During the ten (10) years immediately prior to the date of said occurrence, had you been confined in a hospital, treated by a physician, treated by a mental health care provider, or examined, tested, x-rayed or otherwise for any reason?  If so, give the name and address of each such hospital, physician, technician or clinic, the approximate date of such confinement or service, and state in general the reason for such confinement or service.

**ANSWER:**

12.   Have you suffered any personal injury, prolonged, serious and/or chronic illness, or been diagnosed with any mental illness or disorder since the date of the act or omission alleged in your complaint?  If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**

13.   Were any photographs, videotapes, or other media taken of the occurrence, the scene of the occurrence or of the persons or vehicles or instrumentalities involved?  If so, state the date or dates on which such media was taken, the subjects thereof, and who now has custody of them.

**ANSWER:**

14.     Please state whether you detained for any period of time as a result of the occurrence described in Plaintiff's complaint including:

      a.     The location of each and every place Plaintiff was detained;
      b.     The exact duration of the detention;
      c.     Any and all witnesses to each and every detention alleged, and
      d.     Describe any intake or processing which occurred at each detention.

**ANSWER:**

15.     Identify each and every witness, including expert witnesses, that Plaintiff expects to call at trial, including:

      a.     The name, address and phone number for each witness;
      b.     The subject matter on which the witness is expected to testify, and
      c.     The substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

16.     State whether you or your attorneys or agents or anyone acting on your behalf have taken any statements, signed or unsigned, oral or written, or have in their possession any such statements, or know of the existence of any such statements, from or by any person, other than you, who has, or claims to have, knowledge of the facts concerning the occurrence complained of, or who was, or claims to have been, a witness to the occurrence complained of and if so, please state:

      a.     The identity and present or last known location of each such person;
      b.     The present location of each statement, and
      c.     Pursuant to FRCP 34, provide a copy of each statement.

**ANSWER:**

17.     State whether you have had any communications, verbal, written, or indirectly, with any employee of the University of Chicago, including but not limited to anyone with the

9

Internal Affairs Division, about the alleged incident. If so, identify the individual with whom you communicated, the contents of the communication, and describe any statements or action taken by any employee in response to the plaintiff's communications and allegations.

**ANSWER:**

18.     As a result of the incident alleged in the complaint, did you file a complaint with any law enforcement agency or with the Independent Police Review Authority? If yes, please state:

    a. The date on which the complaint was made;
    b. The identity of the individual making the complaint;
    c. The identity of the individual receiving the complaint;
    d. The nature of the complaint;
    e. The nature of any documents received in response to, or documenting the investigation of the complaint, and
    f. The disposition of the complaint.

**ANSWER:**

19.     State, list, and itemize each and every item of expense/damages you claim you incurred as a result of the incident described in the complaint (not already identified), including but not limited to any and all attorney's fees to date, and for each item provide the following:

    a. The amount and nature of each expense/damage, attorney's fees, etc;
    b. How said amount was computed and the basis for such computation;
    c. Identify the documents used in calculating each item of expense/damage, and
    d. Identify the individuals with knowledge of the item of damage or loss.

**ANSWER:**

20.     In the twelve (12) hours prior to the incident alleged in the complaint, did you have anything alcoholic to drink, or did you ingest any drugs, including but not limited to medication? If yes, what did you consume, how many did you consume, and over what period of time where they consumed?

10

**ANSWER:**

21.     Describe your activities and your whereabouts for the twelve (12) hours prior to the incident alleged in the complaint, including the names, addresses, and telephone numbers of every place you were during that time period, and the names, addresses, and telephone numbers of every person you were with during that time period.

**ANSWER:**

22.     Provide a detailed description of the officer(s) who allegedly stopped you unlawfully, including the officers' name, star number, height, weight, race, clothing, facial hair, and other distinguishing characteristics.

**ANSWER:**

By:     */s/ Brian P. Gainer*                          
One of the Attorneys for the Defendants

Brian P. Gainer
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#4038406

11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JAMELL OLMSTEAD MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 8745 |
| | ) | Judge Manish S. Shah |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| | ) | |
| OFFICER ROGERS and | ) | |
| OFFICER CHOUDHARY, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, JAMELL OLMSTEAD MALONE

Defendants, by their attorneys, Johnson & Bell, Ltd., pursuant to Federal Rule of Civil Procedure 34, hereby submit the following Requests for Production of Documents to be answered by Plaintiff.

### REQUESTS TO PRODUCE

1.     All documents relating to the occurrence alleged in the complaint, including but not limited to, any and all statements, reports, photographs, videos, electronic media, investigative reports, court records, transcripts, orders, pleadings or any court papers, and/or opinions and statements of each individual plaintiff, any witness, police officer, or other individual, regarding the occurrence alleged in the complaint.

**ANSWER:**

2.     All photographs, videotapes, or other records of any type, showing: (1) any injuries or damages sustained by the plaintiff; (2) the incident in question; (3) any of the parties involved in the incident described in the plaintiff's complaint, or (4) any other relevant video or photographic representations regarding the allegations in Plaintiff's complaint.

1

**ANSWER:**

3.      Any photographs, videotapes, or other recordings showing any person or place that the plaintiff believes to be involved in the incident complained of, including but not limited to, any photographs, videotapes, or other recordings that will be referred to or relied upon by the plaintiff to prosecute his lawsuit against the defendants.

**ANSWER:**

4.      All physical evidence in the possession of the plaintiff relating to the allegations in the plaintiff's complaint.

**ANSWER:**

5.      A list giving the names, addresses, and telephone numbers for all of the witnesses to the incident complained of, and for all of the individuals who the plaintiff believes have knowledge of the incident described in the complaint.

**ANSWER:**

6.      All documents, records, and statements relating to Plaintiff's injuries and damages, including but not limited to, all reports Plaintiff wishes to introduce at trial, hospital records or reports, doctor's reports (including reports prepared by any psychiatrist, psychologist, mental, or other health care provider), x-ray films or records of other diagnostic scans, medical and mental health records, and bills relating to damages allegedly sustained as a result of the incident described in the complaint.

**ANSWER:**

7.      All documents, records, and statements relating to Plaintiff's physical condition, and if claiming mental or psychological damages, then all documents relating to a mental and/or psychological condition, prior to the incident described in the complaint, including but not

limited to, hospital reports or records, doctor's reports (including reports prepared by any psychiatrist, psychologist, mental, or other health care provider), x-ray films or records of other diagnostic scans, medical and mental health records, insurance claims made reports or documents, and reports of any drug tests taken in the five (5) years prior to the incident.

**ANSWER:**

8.      Any and all documents relating to claims of lost income, if such a claim is being made, including but not limited to copies of income tax returns for the five (5) years preceding the date of the incident described in the complaint.

**ANSWER:**

9.      All notes, notations, calendars, diaries, or other similar record-keeping documents on which you kept thoughts or memorialized facts or other matters that are relevant and relate to the incident described in the complaint.

**ANSWER:**

10.      All documents relating to any defendant, including the University of Chicago, including files that you or your attorneys have obtained in this or any other litigation, that you plan to use to support your claims in this litigation.  This request includes but is not limited to; copies of all complaint register ("CR") reports, or any portion thereof, media reports, videotapes of news footage, documents contained in communications with other attorneys, documents relating to University of Chicago Police Department policies, procedures, or General Orders, and copies of any lawsuits or court files regarding the defendants.

**ANSWER:**

11.      All non-privileged documents, records, or statements relating to communications that your attorney, or someone else on your behalf, had with a witness in this matter.  If you are

claiming that any such documents are privileged, please provide a detailed privilege log.

**ANSWER:**

12.     All documents relating to each and every allegation of the plaintiff's complaint.

**ANSWER:**

13.     Any and all reports or documents referred to in Plaintiff's responses to interrogatories in this matter.

**ANSWER:**

14.     All documents used in calculating each item of damages, including but not limited to, medical expenses, attorneys bills, income tax returns, receipts for property damage, and cancelled checks or other documentation indicating an item of expense that arose out of the incident alleged in the complaint.

**ANSWER:**

15.     All documents relating to insurance coverage for Plaintiff, including but not limited to, policies, claim forms, correspondence, etc.

**ANSWER:**

16.     All documents relating to communications or contacts between Plaintiff and any person, other than his attorney, relating to the subject matter of the complaint.

**ANSWER:**

17.     Copies of all transcripts of any civil or criminal proceeding in your possession, including but not limited to, deposition transcripts and trial testimony transcripts, that any Plaintiff or Defendant was named a criminal defendant or was a testifying witness in another person's defense.

**ANSWER:**

18.     All documents relating to any civil action to which Plaintiff has been a party.

**ANSWER:**

19.     All documents relating to Plaintiff's pecuniary injuries and damages.

**ANSWER:**

20.     All documents examined or relied on by any expert witnesses who will be called to testify at trial.

**ANSWER:**

21.     All reports or opinions prepared by any expert witnesses who will be called to testify at trial.

**ANSWER:**

22.     Curriculum vitae for each and every expert who will be called to testify at trial and copies of all articles, reports, or professional papers published by said expert.

**ANSWER:**

23.     All documents relating to any conviction, guilty plea, arrest, traffic stop, detention, or commitment of plaintiff by any governmental entity, juvenile authority, or law enforcement agency, including but not limited to, the Chicago Police Department, Cook County Sheriff, State of Illinois, U.S. Marshall's Service, and the Federal Bureau of Investigation (F.B.I.)

**ANSWER:**

24.     All documents relating to any complaint filed by the Plaintiff with any law enforcement agency regarding the incident described in the complaint, including documents to/from the Independent Police Review Authority or the Internal Affairs Division of the Chicago Police Department or the University of Chicago Police Department.

**ANSWER:**

25.     If plaintiff is claiming lost income as a result of the underlying incident,

Plaintiff's income tax returns (state and federal) from 2003-2013.

**ANSWER:**


By:     */s/ Brian P. Gainer*
                One of the Attorneys for the Defendants

Brian P. Gainer
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#4038438

6